## Case No. 15,287.

UNITED STATES v. HALSTED et al.

[6 Ben. 205.] [1]

District Court, N. D. New York. Oct., 1872.

INTERNAL REVENUE—BOND OF COLLECTOR—PLEADING—EXECUTING BOND IN BLANK.

1. To an action in debt on the bond given by a collector of internal revenue against such collector and his sureties, the defendants joined in pleading non est factum:

2. *Held,* that, under such a joint plea, the defendants must sustain it as to all, or fail as to all.

3. The execution of such a bond by the sureties, with the date left blank, authorizes the principal to fill the blank at his discretion.

At law.

HALL, District Judge. This suit is prosecuted by the United States against John B. Halsted, late a collector of internal revenue for the 29th district of New York, and nineteen others, as his surviving sureties, upon his official bond as such collector, bearing date March 28, 1863. The declaration is in debt upon this bond, and assigns breaches of the condition of the bond, by failure to account for and pay over moneys of the United States which came into the hands of said Halsted, as such collector. The defendants appeared and joined in pleading non est

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

factum and performance. The cause was, by stipulation, referred to P. L. Ely, Esq., as referee, who reported in favor of the United States, and assessed their damages, by reason of the breaches assigned. at $25,450.48.

The defendants excepted to all the material findings of fact reported by the referee, and to his conclusions of law thereupon, and then moved to set aside the referee's report, as against the evidence and the law of the case. The motion to set aside the report was, by stipulation between the counsel for the respective parties, heard, upon the minutes of the testimony taken by the referee, and his report, and the exceptions thereto.

It appears, upon the minutes of the referee, that the "original bond of the defendant John B. Halsted, as collector of internal revenue, * * * executed by him, said Halsted, and the other defendants, bearing date March 28, 1863 (being the bond declared upon)," was put in evidence by the district attorney, without objection; though it was afterwards stated that it was understood that the defendants might thereafter make such objection to the evidence (then) already given (which included said bond) as they should be advised, with the same force and effect as though made at the offering thereof.

The execution of this bond by the several obligors was afterwards sworn to by Alonzo B. Rose, a justice of the peace, and a subscribing witness to the bond. He also testified that his son's signature as subscribing witness to the execution of the bond by all, except one, of the obligors, was genuine, and that his son died in April, 1868; and that the signature of Gilbert Scofield, as a witness to the signature of the one obligor, was also genuine. He subsequently testified that the bond was executed in March, 1863; and that, at the same time, the several sureties signed and swore to the affidavit of justification annexed. Gilbert Scofield testified to the due execution of the bond by the one obligor above mentioned, and also to the genuineness of the signature of Henry W. Rose, the said son of Alonzo B. Rose, whose name appeared as such subscribing witness. On a subsequent examination, Alonzo B. Rose testified to a charge against Halsted, for his services, as fixing the time of the execution of the bond in the last few days of March, 1863.

The defendants Benson Tallman, John E. Lowing, Charles B. Briggs, Marcey W. Wilmer, Alonzo Hopson, David Taggart, Peter Dunn, Joseph Ingham, Benjamin F. Bristol, Lester B. Origo, Levi Madison, John Renwick, George Wheeler, and William Bristol, were called as witnesses for themselves and their co-defendants, and all admitted that their signatures to the bond declared on. and to the affidavit of justification annexed, were authentic; but they all more or less positively denied the execution of any bond, as surety for Halsted, after the 1st of October, 1862. It appeared, by the evidence, that Halsted was first appointed by the president in the recess of the senate, and prepared and executed, with certain sureties, an official bond, which was disapproved and rejected by the officer, authorized by the treasury department to take his official bond and deliver his commission; and that, a few days afterwards, and in September, 1862, a new bond was executed, and approved and filed at Washington. It also appeared that Halsted, having been confirmed by the senate, in March, 1863, was recommissioned, and then forwarded the bond in suit to the treasury department, and the theory of the defence was, that the bond in suit was the one rejected. But Alonzo B. Rose swore that he was one of the sureties on that bond, and there are other facts proved in the case, which very strongly tend to show that this position cannot be maintained. I am strongly inclined to the opinion, that the bond in suit was not the one so rejected, and that the defendants, who, after the lapse of more than seven years, swore that they executed no bond after the 1st of October, 1862, are mistaken—honestly mistaken—in so testifying, or, rather, are mistaken in their recollection.

At all events, the question is one of fact. and the finding of the referee upon such a question, when there is much evidence on both sides, and ground for serious doubt, should not be disturbed. The finding of the referee, upon that question, must be confirmed.

But aside from this, there are two objections to this defence. The first is, that the defendants have all joined in the plea of non est factum, and that the defendant Halsted confesses its proper execution by himself; and there is no evidence to show that it was not executed by Christopher Post, Isaac V. Quackenbush, Orace V. Whitcomb, and Levi Trusdell, who were living, and were not sworn as witnesses, or by Tabor and Keeton, who are dead. The defendants having put their defence upon the joint plea of non est factum, they must sustain it as to all, or fail as to all. U. S. v. Linn, 1 How. [42 U. S.] 104. The second is, that, at most, the evidence shows the execution of a bond, with a blank date, and the subsequent insertion of a date before its delivery to and acceptance by the officers of the government. The execution of the bond as surety for Halsted, with the date in blank, would have authorized him to fill the blank at his discretion, and the bond is, therefore, valid in the hands of the government.

The motion to set aside the report is denied, and the report confirmed, and judgment final ordered thereon.